UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
JERRY CANKAT,

                         Plaintiff,

              -against-

VANILLA CAFÉ PASTRY GARDEN, CORP.,

                         Defendant.
----------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

14 CV 6917 (RJD) (CLP)

3/10/16
Adopted without
qualification but with
corrections as noted.
s/ RJD

**POLLAK**, United States Magistrate Judge:

On November 25, 2014, plaintiff Jerry Cankat commenced this action against defendant Vanilla Café Pastry Garden, Corp., alleging that defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., by failing to provide facilities that were reasonably accessible to plaintiff, who is wheelchair-bound. Defendant failed to appear in this action, answer, or otherwise respond to the complaint. On February 19, 2015, the Clerk of Court entered a notation of default against defendant and on April 24, 2015, plaintiff moved for a default judgment. On April 28, 2015, the Honorable Raymond J. Dearie referred the motion to the undersigned to conduct an inquest and issue a Report and Recommendation.

On June 25, 2015, an inquest hearing was held before the undersigned. At the hearing, the Court made plaintiff aware of a number of deficiencies in plaintiff's papers, and Ordered plaintiff to provide the Court with additional papers addressing these issues by July 24, 2015. Specifically, the Court Ordered plaintiff to address issues relating to the adequacy of plaintiff's

1

service of the Summons and Complaint on the defendant, as well as the legal authority for his request for attorney's fees.

On August 6, 2015, having failed to receive any additional papers from plaintiff, the Court Ordered plaintiff to submit supplemental papers by August 10, 2015, and warned plaintiff that if he failed to do so, the Court would recommend that plaintiff's motion for default judgment be denied, and that this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Thereafter, on August 8, 2015, plaintiff's counsel requested an extension of 30 days to file supplemental papers. The Court granted this request, Ordering plaintiff to file his supplemental papers by September 10, 2015. By letter dated September 10, 2015, counsel requested another extension of time to file the supplemental briefing, explaining that a series of complications with plaintiff's expert witness and several personal issues had prevented timely preparation of the necessary materials. The Court again granted this request, Ordering plaintiff to file all necessary paperwork by October 26, 2015.

To the date of this Report and Recommendation, plaintiff has failed to file any documents in response to this Court's Order. It is well established that failure to adequately prove proper service of the complaint bars the entry of a default judgment. See, e.g., Orellana v. World Courier, Inc., No. 09 CV 576, 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment against a defendant for whom plaintiff had not adequately proved service); Cowder v. Admin. for Children and Families, No. 09 CV 628, 2010 WL 723440, at *2 (E.D.N.Y. Mar. 1, 2010) (denying motion for default judgment where service had not been properly effected); Llaviganay v. Cipriani 110 LLC, No. 09 CV 737, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (noting that inadequate proof of service bars entry of default

judgment).

Given the Court's concerns over whether the defendant was properly served and had adequate notice of the suit itself, the Court cannot recommend entry of a default against the defendant. As such, the Court respectfully recommends that plaintiff's motion for a default judgment be denied without prejudice to refile with all necessary documentation. Such documentation would include proof that the defendant was actually served with all necessary court filings, as well as a memorandum of law and other documentation in support of counsel's requested hourly rate of $400.00, which is higher than the standard range of attorneys' fees for similar actions in this district. See, e.g., Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *5 (E.D.N.Y. Aug. 15, 2013) (collecting cases to find that a $325.00 hourly rate appropriate for a civil rights attorney with over a decade of experience); Access 4 All, Inc. v. West Sunrise Realty Corp., No. 06 CV 5487, 2008 WL 4453221, at *7 (E.D.N.Y. Sept. 30, 2008) (finding an hourly rate of $385.00 "excessive and . . . not in line with the hourly rates awarded in this district" for an attorney with 31 years of experience); Brown v. Green 317 Madison, LLC, No. 11 CV 4466, 2014 WL 1237448, at *10 (E.D.N.Y. Feb. 4, 2014) (finding an hourly rate of $350.00 reasonable for a partner's time).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically

through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 19, 2016

/s/ Cheryl L. Pollak
_____

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York